FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 01 2022 ★
LONG ISLAND OFFICE



# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

__________ Division

Case No. CV 22-3131
*(to be filled in by the Clerk's Office)*

Radika Rampersad

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Basdeo Rampersad
Rajdaye Babwah
Jane Doe

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)* ☐ Yes ☒ No

GUJARATI, J.

BULSARA, M.J.

## COMPLAINT FOR A CIVIL CASE ALLEGING THAT THE DEFENDANT OWES PLAINTIFF A SUM OF MONEY
**(28 U.S.C. § 1332; Diversity of Citizenship)**

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Radika Rampersad |
| Street Address | 243-10 138th Ave Apt 2F |
| City and County | Rosedale |
| State and Zip Code | New York 11422 |
| Telephone Number | 718-809-0912 |
| E-mail Address | JamesSherry29@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Basdeo Rampersad |
| Job or Title *(if known)* | |
| Street Address | 368 Palmetto StreetApt 2F |
| City and County | Brooklyn |
| State and Zip Code | New York 11237 |
| Telephone Number | 718-216-7861 |
| E-mail Address *(if known)* | Shawnrampersad20@gmail.com |

Defendant No. 2

| | |
|---|---|
| Name | Rajdaye Babwah |
| Job or Title *(if known)* | |
| Street Address | 368 Palmetto Street Apt 2R |
| City and County | Brooklyn |
| State and Zip Code | New York 11237 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Jane Doe |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A. The Plaintiff(s)

1. If the plaintiff is an individual

The plaintiff, *(name)* Radika Rampersad, is a citizen of the State of *(name)* New York.

2. If the plaintiff is a corporation

The plaintiff, *(name)* ______, is incorporated under the laws of the State of *(name)* ______, and has its principal place of business in the State of *(name)* ______.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B. The Defendant(s)

1. If the defendant is an individual

The defendant, *(name)* Basdeo Rampersad, is a citizen of the State of *(name)* ______. Or is a citizen of *(foreign nation)* Trinidad.

2. If the defendant is a corporation

The defendant, *(name)* ______, is incorporated under the laws of the State of *(name)* ______, and has its principal place of business in the State of *(name)* ______. Or is incorporated under the laws of *(foreign nation)* ______, and has its principal place of business in *(name)* ______.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The Defendant failed to comply with the Stipulation of Agreement dated December 11, 2017.

## III. Statement of Claim *See Attached*

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The defendant, *(name)* Basdeo Rampersad, owes the plaintiff *(specify the amount)* $ 363,878.94, because *(use one or more of the following, as appropriate)*:

### A. On a Promissory Note

On *(date)* 12/11/2017, the defendant signed and delivered a note promising to pay the plaintiff on *(date)* 02/28/2018 the sum of *(specify the amount)* $ 150,000.00 with interest at the rate of *(specify the amount)* ______ percent. The defendant has not paid the amount due and owes *(state the amount of unpaid principal and interest)* $ ______. A copy of the note is attached as an exhibit or is summarized below. *(Attach the note or summarize what the document says.)*

Stipulation of Agreement is attached. *See Exhibit "A"*

### B. On an Account Between the Parties

The defendant owes the plaintiff *(specify the amount)* $ ______. This debt arises from an account between the parties, based on *(state the basis, such as an agreement between a credit–card company and a credit–card holder)*

The plaintiff sent the defendant a statement of the account listing the transactions over a certain period and showing the bills sent, the payments received or credits approved, and the balance due. The defendant owes *(specify the amount)* $ ______. Copies of the bills or account statements are attached as exhibits or summarized below. *(Attach the statements or summarize what they say.)*

C. **For Goods Sold and Delivered**

The defendant owes the plaintiff *(specify the amount)* $ ______________ , for goods sold and delivered by the plaintiff to the defendant from *(date)* ____________ to *(date)* ______________ .

D. **For Money Loaned**

The defendant owes the plaintiff *(specify the amount)* $ ______________ , for money the plaintiff loaned the defendant on *(date)* ______________ .

E. **For Money Paid by Mistake**

The defendant owes the plaintiff *(specify the amount)* $ ______________ for money paid by mistake to the defendant on *(date)* ______________ , when the defendant received the payment from *(specify who paid and describe the circumstances of the payment)*

F. **For Money Had and Received**

The defendant was paid money *(specify the amount)* $ ______________ on *(date)* ______________ by *(identify who paid and describe the circumstances of the payment)*

It is unjust for the defendant not to pay the plaintiff the money received because *(explain the reason, such as that the money was intended to be paid to the plaintiff, or was paid by coercion, duress, or fraud, or was an overpayment or a deposit to be returned)*

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/1/2022

Signature of Plaintiff: Radika Rampersad

Printed Name of Plaintiff: RADIKA RAMPERSAD

### B. For Attorneys

Date of signing: ______

Signature of Attorney ______

Printed Name of Attorney ______

Bar Number ______

Name of Law Firm ______

Street Address ______

State and Zip Code ______

Telephone Number ______

E-mail Address ______

בה

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

**Case No: ________________**

RADIKA RAMPERSAD
243-10 138th Ave Apt 2F,
Rosedale, NY 11422-1822
*Plaintiff,*

v.

BASDEO RAMPERSAD
368 Palmetto St Apt 2R,
Brooklyn, NY 11237-5932

RAJDAYE BABWAH
368 Palmetto St Apt 2R,
Brooklyn, NY 11237-5932

JANE DOE,

*Defendants.*
______________________________/

## COMPLAINT

**COMES NOW,** Radika Rampersad, ("the Plaintiff"), and respectfully represents the following:

## I. INTRODUCTION

1. Radika Rampersad brings this action for equitable relief and damages caused by violations of contract, intentional tort, and fraud,

perpetrated by Basdeo Rampersad, Rajdaye Babwah, and Jane Doe, ("the Defendants"). Through this action, Plaintiff seeks to recover losses caused by Defendants' intentional and/or reckless misconduct, including but not limited to, compensatory, punitive and other losses which can only be avoided if the equitable relief and injunctive relief described hereinbelow are granted.

2. That all the relevant times, the Defendants have been and remain, in a conspiracy to defraud the Plaintiff and to deprive her of funds and property taken through deceit and under false pretenses.

## II. JURISDICTION AND VENUE

3. The Defendants, directly and indirectly, individually or in concert, in connection with the acts, practices, and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York. Subject matter jurisdiction exists where there is complete diversity between the parties, and there is more than $75,000 at issue. Jurisdiction and venue are properly set in the Eastern District of New York by reason of the foregoing and by contract.

4. Venue is proper in this Court because certain of the transactions, acts, practices, and courses of conduct constituting violations of contract, duties, and law occurred within this judicial district.

## III. PARTIES

5. Plaintiff is a legal permanent residence of the United States and a resident of the State of New York since July 6, 1997, residing at 243-10 138th Ave Apt 2F, Rosedale NY 11422 from January 1, 2002, to present.

6. That at all times relevant herein, the Defendant (Basdeo Rampersad) is a citizen of Trinidad. He is, and has been, unlawfully present in the United States of America having taken unlawful residence at 368 Palmetto St Apt 2R, Brooklyn, NY 11237-5932.

7. Defendant Rajdaye Babwah, a naturalized citizen of the United States, currently resides at 368 Palmetto St Apt 2R, Brooklyn, NY 11237-5932.

8. Rajdaye Babwah does not currently nor has she ever, resided at 243-10 138th Ave Apt 2F, Rosedale NY 11422.

9. Defendant Jane Doe, girlfriend of the Defendant Basdeo Rampersad acted in concert on numerous occasions when Jane Doe entered the property and common areas of the residence where the Plaintiff resides. With each interaction Jane Doe would inform the Plaintiff that "she and her daughter are squatters in her husband's home and need to vacate the premises immediately" she would also remove items from both the common

area of the home, unlawfully remove items from the mailbox and unlocked garage located in the rear of the property.

10. On August 7, 2020, the Plaintiff called the NYPD ("New York City Police Department") – 105 Precinct to file a report against Jane Doe. NYPD Officer Sarouka 969354 advise Jane Doe to immediately leave or be arrested. He further went on to inform Jane Doe of the consequence which would result in her being arrested should she choose to return to the Plaintiff's residence.

## IV. FACTUAL ALLEGATIONS

11. That heretofore and from time to time, Defendant has made misrepresentations of facts to Plaintiff, knowing that such misrepresentations were false, and upon which Plaintiff relied upon and was misled.

12. That as a result of these misrepresentations, Plaintiff suffered financial and property loss and sustained other damages.

13. On or about October 2017, Defendant sought a loan in the amount of $650,000.00 from Lyons Mortgage Services, Inc. located at 48-02 25th Ave #303, Astoria, NY 11103.

14. Defendant Rampersad misrepresented himself as a legal permanent residence of the United States. In support of his claim,

Defendant presented an altered and expired social security card granted in conjunction with a work permit obtained in 2006 for the purpose of obtaining a mortgage.

15. On December 15, 2017, Defendant fraudulently obtained a mortgage from Lyons Mortgage Services, Inc. in the amount of $650,000.00.

16. On or about June 2019, Defendant exhibited to Plaintiff an enhanced Maryland driver's license he obtained illegally as an undocumented immigrant unlawfully present in the United States. Defendant misled the MVA ("Motor Vehicle Administration of Maryland") and State Farm Vehicle Insurance Company regarding being a resident of Maryland. Defendant *does not nor have he ever lived* in the State of Maryland.

17. On or about 2019, Defendants Rajdaye Babwah and Basdeo Rampersad conspired to not only defraud the Plaintiff but also the United States Custom and Immigration Services ("USCIS") when they entered into a marriage agreement with fraudulent claims of a bono fide marriage and living together.

18. On or about March 2021, Rajdaye Babwah conceived a plan whereby she obtained Verizon Internet Services located at 243-10 138th

Ave, Bast Apt, Rosedale NY 11422, in the furtherance of the Defendants' conspiracy to defraud the United States.

19. In an attempt for personal gains and benefits Rajdaye Babwah collaborated with husband Basdeo Rampersad in making false statements on their joint Federal and State Income Tax for years 2019, 2020, and 2021 confirming their address of residence to be 243-10 138th Ave, Apt 2F, Rosedale NY 11422.

20. Defendant Basdeo Rampersad has pleaded guilty to multiple violent offenses in the Queens Criminal Court in the Eastern District of New York.

**AS AND FOR A FIRST CAUSE OF ACTION
PROMISSORY NOTES DEFAULTS**

21. Plaintiff realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth at length herein.

22. That on December 11, 2017, the Defendant entered into a contract containing a series of financial transactions with the Plaintiff, thereby deceiving the Plaintiff into a false sense of security, making the Plaintiff believe there was an ongoing bona fide relationship of trust and confidence between the Plaintiff and the Defendant.

23. That on December 11, 2017, the Defendant, as borrower signed, agreed, and delivered to the Plaintiff a promissory note (Stipulation of Settlement) in the sum certain greater than $150,000.00, pursuant to a Stipulation of Agreement Law 255(2) *RADIKA RAMPERSAD v. BASDEO RAMPERSAD* Index No. 11063/2017, which provided for certain issuance rights.

24. That the agreement between the parties provided that the venue for any action between the parties would be the State of New York.

25. Pursuant to the December 2017 Stipulation of the Agreement as enumerated:

(a) The parties agree that each will notify the other in writing of any change of address, and/or telephone number within five (5) days of the date of such change for so long as either party is obligated to the other pursuant to the terms of the Agreement;

(b) Defendant agrees to pay the Plaintiff directly the sum of $1,000.00 toward her legal fees at the time of the signing of the Agreement;

(c) In the event a party defaults with respect to any obligations of his or hers under the Stipulation of Agreement and said default is not remedied within fifteen (15) days after sending of a written notice by certified mail to the defaulting party specifying such default, the defaulting party shall indemnify the other against, or reimburse him or her the *actual counsel fees* and *all other actual expenses*

resulting from or made necessary by the bringing of any suit other proceedings to enforce any terms, covenants or conditions of the Agreement;

(d) Defendants agree that either of them, in a single action or proceeding with respect to said payments and obligation, shall be entitled to sue and recover said fees and disbursements;

(e) Defendant agreed to maintain a Life Insurance in the approximate face value of the policy of $70,000.00 to secure his obligations;

(f) Defendant agree to provide annual proof of said policy is in full force and effect;

(g) Defendant agree to pay Plaintiff the sum of $100,000.00 less seller's customary title bill (NYC/NYS) Transfer Tax only;

(h) Defendant further agree to Pay Plaintiff $50,000.00 from his account entitled the RCN Cable Retirement Savings Plan (of RCN Telecom Services LLC), a 401(k), being administered by Lin Financial Group;

(i) Defendant agree to be responsible for the timely payment of any and all taxes on the withdrawal and shall pre-pay taxes and penalties associated with the transfer and to the extent necessary, shall borrow (loan) sufficient funds to pay said penalties at the time of transfer to the Plaintiff holding her harmless from payment thereon;

(j) Defendant agree payment of the $50,000.00 from the RCN 401k shall occur *no later than the earlier of the following two events*: 60 days from the closing on the transfer of the

residence or February 28, 2018, whichever shall sooner occur and;

(k) In the event the Plaintiff does not receive the full payment of $50,000.00, after tax, by the enforcement date, Plaintiff have the right to withdraw her waiver share in RCN 401k and seek to collect the *greater of $50,000.00 or one-half of the Defendant's RCN 401k;*

(l) Defendant agreed he shall continue to provide the existing major medical insurance for the benefit of the one (1) minor child, to wit: Sarah Rampersad born May 16, 1999, until said infant issue attain twenty-one (21) years of age. Defendant further agrees that he shall continue to provide coverage for the minor child beyond emancipation and up until the age of 26 under current law. Defendant's obligation shall be substantially similar to the cover presently carried by him as provided by his employment.

(m) Defendant further agrees all out of pocket medical expenses, including but not limited to out of network medical fees, (including but not limited to doctor, hospital, tests, prescriptions, therapy, etc. shall be allocated between parties at 80% Defendant an 20% Plaintiff.

26. Defendant has knowingly, willfully, and unlawfully violated, and continues to violate, the December 2017 agreement.

27. That by virtue of the foregoing, Defendant is in default under the December 2017 Stipulation of Agreement and no such defaults have been cured.

28. Defendant has not cured these defaults thereby causing damages to Plaintiff in the amount to be determined by the Court but not less than an amount equal to $363,878.94.

29. That Defendant's actions have caused damage to Plaintiff in an amount to be determined by the Court but not less than an amount equal to $363,878.94 together with applicable interest thereon.

**AS AND FOR A SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT – LOSS OF PROFITS**

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effects as if fully set forth at length herein.

31. That as a direct result of the defaults of the Defendant and his failure to abide by his contractual obligations, the Plaintiff has suffered and continues to suffer. Defendant's act of nonpayment of the full contractual amount has deprived Plaintiff the benefits of the agreement. The Defendant's constant lies, and false statements has caused both the Plaintiff and her daughter severe mental and emotional stress. Defendant's willful and unlawful disregard of his legally binding obligations has cause the Plaintiff to suffer financial losses. Both the loss of interest and accrued legal costs incurred to enforce the Settlement of Agreement.

32. Wherefore by reason of the foregoing, the Plaintiff is entitled to judgment in an amount to be determined by the Court and equal to the lost profits that would have been gained but for the Defendant, breach of contract.

**AS AND FOR A THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT – LITIGATION EXPENSES**

33. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth at length herein.

34. That the Stipulation of Agreement provides that in the event that either party defaults with respect to any obligation of his or her under the Agreement and said default is not remedied within fifteen (15) days after sending of a written notice by certified mail to the defaulting party specifying such default, the defaulting party shall indemnify the other against, or reimburse him or her the *actual counsel fees and all other actual expenses* resulting from or made necessary by bringing of any suit or other proceeding to enforce any of the terms, covenants or conditions of the Agreement.

35. That by reason of the foregoing, Plaintiff is entitled to a judgment against Defendant for the *actual legal fees and litigation expenses paid or incurred* in this or any other action necessary.

## AS AND FOR A FOURTH CAUSE OF ACTION – INJUNCTIVE AND EQUITABLE RELIEF

36. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth at length herein.

37. The total amount due to the Plaintiff is no less than $363,878.94 exclusive of any additional liquidated damages, consequential damages, default interest, and statutory prejudgment interest.

38. That while Plaintiff is clearly entitled to a money judgment, Defendant is undoubtedly incapable of satisfying any such judgment obtained.

39. Time is of the essence, and to prevent the Plaintiff from suffering any further irreparable harm, the Plaintiff must immediately be permitted to exercise her rights, and the Defendant must be immediately directed to cooperate with the same and to pay what is owed and/or deliver all documents necessary to transfer rightful ownership of the property to Plaintiff for which Defendant has failed/neglected to pay for, and is subsequently unable to pay.

40. In the event that Defendant is unable to satisfy his obligations, Plaintiff seeks to have the clause in the Stipulation of Agreement regarding

the residence be rendered null and void, returning ownership of the property to the Plaintiff.

41. By virtue of the foregoing, Plaintiff is entitled to and demands a judgment directing Defendant, to execute and deliver all documents necessary to complete the conversion process and to deliver ownership of the property to Plaintiff to which it is contractually entitled in the form of a mandatory judgment.

**AS AND FOR AN FIFTH CAUSE OF ACTION**
**INTENTIONAL INTERFERENCE WITH CONTRACT**

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth at length herein.

43. Defendant was fully aware at all times of the existence and the valid and binding nature of the contract and agreement between Plaintiff and Defendant.

44. Defendant acted intentionally, with malice and aforethought, breached his contractual agreement with Plaintiff, and repudiated in advance the contract and its obligations thereunder, without any legal or factual justification based upon the breaches and defaults contained hereinabove.

45. That Defendants caused these breaches and defaults to take place for their benefit and to not adhere to the contract for their own financial gain and interest.

46. That the Defendants acting in furtherance of this conspiracy falsely informed the Plaintiff and attempted to cause the Plaintiff to believe they had every intention of acting in accordance with the Stipulation of Agreement, thereby attempting to make the Plaintiff forgo her contractual rights by threats, intimidations, physical, mental, and verbal abuse, and economic duress.

47. That in truth and fact, the Stipulation of Agreement is not subject to any usury laws, such that the threats of the Defendants constitute bad faith, intentional interference with the contract so that the Defendants must be answerable in the form of punitive damages, penalties, and interest.

48. As a result, Defendants are liable to Plaintiff under the theory of intentional interference with contract, as the contract at issue was in fact breached, as part of their on-going conspiracy to defraud the United States, thereby causing damages and loss to Plaintiff of at least $363,878.94.

## V. CONCLUSION

49. In summary, Defendants were required to act in accordance with the laws of the United States., the State of New York, and the Stipulation of Agreement. The Defendants continue to deliberately delay their obligations to submit payment for the property located at 243-10 138th Ave, Rosedale, NY 11422, attempting to evade law enforcement, with false statements while seeking to evict the Plaintiff and her daughter who suffers from a lifelong disability. Defendant Rampersad has been arrested on several occasions for violations and continues to violate an Oder of Protection granted to the Plaintiff as he attempts to manipulate Plaintiff into vacating her home which he has yet to pay Plaintiff. In more recent incidents dated March 18, 2022, when the Defendants Basdeo Rampersad and Jane Doe would repeatedly "drive by" in front of the residence in an attempt to further intimidate the Plaintiff and her daughter.

**WHEREFORE,** the Plaintiff respectfully requests this Court enter Judgment against Defendant, and issue an Order as follows:

(i) For the First Cause of Action $363,878.94, or reverse full ownership of property to Plaintiff;

(ii) For the Second Cause of Action $363,878.94, or reverse full ownership of property to Plaintiff;

(iii) For the Third Cause of Action award Plaintiff actual legal fees and cost of litigation, and reversal of full ownership of property to Plaintiff;

(iv) For the Fourth Cause of Action revisal of contract granting Plaintiff full ownership of property not paid for by Defendant, as described on the Fourth Cause of Action, actual legal fees, and cost of litigation;

(v) For the Fifth Cause of Action for an award of damages to be determined by the Court but no less than $363,878.94 and reversal of full ownership of the property;

(viii) Together with the costs and disbursements of this action, interest at the rate of default as set forth by this Court, pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

DATED: June 1, 2022

Respectfully Submitted,

/s/ Radika Rampersad
Plaintiff
243-10 138th Ave, Apt 2F
Rosedale, NY 11422