

RECEIVED
AUG 18 2022
PRO SE OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RADIKA RAMPERSADE  
243-10 138TH AVENUE APT. 2F  
ROSEDALE, NY 11422-1822

                Plaintiff,

V -

BASDEO RAMPERSAD  
368 PALMETTO ST. APT. 2R  
Brooklyn, NY 11227-5932

RAJDAYE BABWAH  
368 Palmetto St.   Apt. 2R  
Brooklyn, NY 11237-5932

JANE DOE

                Defendants.
-----------------------------------------------------------------X

Case No::2022-cv -03131-DG-SJB

**ANSWER**

    DEFENDANT(s), BASDEO RAMPERSAD and RAJDAY BABWAH, answer the Plaintiff's Complaint herein as follows:

1. Defendant (s) deny each and every allegation contained in paragraph one of the Complaint.

2. Defendant(s) deny each and every contained in paragraph two of the Complaint.

3. Defendant(s) deny that there is complete diversity between the parties and that jurisdiction and venue are properly set in the Eastern District of New York.

4. Defendant(s) deny that the Eastern District of new York is the proper venue for this action.

5. The Defendant(s) lack sufficient knowledge or information to determine the truth of the allegation contained in paragraph five concerning her immigration status, but deny

1

that the Plaintiff has lived at 243-10 138th Avenue Apt. 2F, Rosedale, New York 11422 from January 1,2002 to the present

6. The Defendant, Basdeo Rampersad, admits he is a citizen of Trinidad, but denies all the other allegations contained in paragraph six of the Complaint.

7. Defendant(s) admit the allegations in paragraph seven of the Complaint..

8. Defendant(s) admit the allegations in paragraph eight of the Complaint.

9. Defendant(s) deny each and every allegation contained in paragraph nine of the Complaint.

10. Defendant(s) lack sufficient knowledge or information to determine the truth of the allegations contained in paragraph twelve of the Complaint.

11. Defendant(s) deny each and every allegation in paragraph eleven of the Complaint.

12. Defendant(s) deny making any misrepresentations to the Plaintiff that would have caused her any financial and property loss.

13. Defendant(s) admit the allegations contained in paragraph thirteen of the Complaint.

14. Defendant(s) deny each and every allegation contained in paragraph fourteen of the Complaint

15. Defendant(s) deny each and every allegation contained in paragraph fifteen. Of the Complaint.

16. Defendant(s) deny each and every claim in paragraph sixteen the Complaint.

17. Defendant(s) deny each and every allegation in paragraph seventeen of the Complaint.

18. Defendant(s)deny each and every allegation in paragraph eighteen of the Complaint.

19. Defendant(s) deny each and every allegation contained in paragraph nineteen of the Complaint.

20. Defendant(s) deny each and every allegation contained in paragraph twenty of the Complaint.

21. Defendant(s) realleges their Answer as set forth in paragraph 1-20.

22. Defendant(s) deny each and every allegation contained in paragraph twenty two

23. Defendant(s) deny the allegation in paragraph twenty three that a promissory note was given to the Plaintiff in the amount of $150,000.00. The Defendant, Basdeo Rampersad, admits that he entered into a Stipulation of Settlement with the Plaintiff in a matrimonial action in New York State Supreme Court, Queens County under Index No:11063/2017 on December 12th, 2017.

24. Defendant(s) admit the allegation in paragraph twenty four of the Complaint.

25. Defendant(s) admits the allegations in paragraph twenty five in as much that the parties entered into a Stipulation of Settlement on December 12th, 2017. that includes the proviso0ins a-m in the Complaint.

26. Defendant(s) deny the allegations contained in paragraph twenty six of the Complaint.

27. Defendant(s) deny the allegations contained in paragraph twenty seven .of the Complaint.

28. Defendant(s) deny the allegations contained in paragraph twenty eight of the Complaint.

29. Defendant(s) deny the allegations contained in paragraph twenty nine of the Complaint

30. Defendant(s) reallege their Answer as set forth in paragraph 1-29..

31. Defendant(s) deny the allegations contained in paragraph thirty one of the Complaint

32. Defendant(s) deny the allegations contained in paragraph thirty two of the Complaint.

33. The Defendant(s) reallege their Answer as set forth in paragraphs 1-32.

34. Defendant(s) admit the allegations in paragraph thirty four of the Complaint.

35. Defendant(s) deny the allegations contained in paragraph thirty five

36. The Defendant(s) reallege their Answer set forth in paragraphs 1-35.

37. The Defendant(s) deny the allegations contained in paragraph thirty seven of the Complaint.

38. The Defendant(s) deny the allegations contained in paragraph thirty eight of the Complaint.

39. Defendant(s)deny the allegations in paragraph thirty nine of the Complaint.

40. Defendant(s) deny the allegations contained in paragraph 40 of the Complaint

41. Defendant(s) deny the allegations contained in paragraph 41 of the Complaint.

42. Defendant(s) reallege their Answer as set forth in paragraphs 1-41.

43. Defendant(, Basdeo Rampersad, admits in paragraph forth three that he was aware that he entered into a Stipulation of Settlement with the Plaintiff in a matrimonial proceeding in New York State Supreme Court, Queens County.

44. Defendant(s) deny the allegations contained in paragraph forty four of the Complaint.

45. Defendant(s) the allegations contained in paragraph forty five of the Complaint.

46. Defendant(s) deny the allegations contained in paragraph forth six of the Complaint.

47. Defendant(s) deny the allegations contained in paragraph forty seven of the Complaint.

48. Defendant (s) deny the allegations contained in paragraph forth eight of the Complaint.

49. Defendant(s) deny the allegations contained in paragraph forth nine of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

. **The Court lacks subject matter jurisdiction** –There is a lack of diversity of citizenship pursuant to 28 U. S, Code Sec: 1332.. U.S. Code Sec: 1332 states in pertinent part

that the District Court shall have original jurisdiction of all civil actions when the matter in controversy exceeds $75,000.00 and involves citizens of different states, and citizens of a state and citizens or subjects of a foreign State, except that the District Courts shall not t have original jurisdiction under this subsection of an action between citizens of a State and citizens subject of a foreign State who are lawfully admitted for permanent residence in the U.S. and are domiciled in the same State.

Here, The Plaintiff's Complaint states that she is a resident of the State of New York, and acknowledges that the Defendant, Rajdaye Babwah,,is a United States citizen residing in Brooklyn, New York. The Defendant, Basdeo Rampersad,is a citizen of Trinidad. However, he is documented and residing in the United States pursuant to a work permit. He is married to the Defendant, Rajdaye Babwah, and has lived, worked and paid taxes in the State and City of New York for the past twenty years. He also resides in Brooklyn, New York. Accordingly, since all the parties reside in the State of New York the Complaint fails to meet the threshold requirement of diversity of citizenship.

## As AND FOR A SECOND AFFIRMATIVE DEFENSE

**Improper Venue.-** The Plaintiff's Complaint is basically seeking to enforce the terms of a Stipulation of Settlement that was entered between the parties on December 12th, 2017 in their matrimonial action in New York State Supreme Court, Queens County under Index No: 11063/17. The Plaintiff actually filed a Motion in Supreme Court, Queens County seeking to enforce certain terms of he Stipulation of Settlement. The case was presided over by the Hon: Margaret McGowan, and a conference was held on January 31,2022.. The parties tentatively agreed on the terms of the settlement, and then the Plaintiff's attorney filed a Motion to be relieved as her counsel. The Plaintiff then filed her own Motion, Pro Se ,seeking to withdraw her action in

Supreme Court, Queens County It was at that point, she filed the present action in the Eastern District of New York. The bottom line is that the Plaintiff is seeking relief from this Court concerning a matrimonial action that clearly belongs in New York State Supreme Court.

**WHEREFORE**, Defendant(s) demands judgment dismissing the Complaint herein together with interests, costs and disbursements of this action.

Dated: Signed this 17th hd   day of August , 2022

Signature of Defendant, BASEO RAMPERSAD--*Basdco Rampersad*

Signature of Defendant RAJDAYE BABWAH--*Rajdaye Babwah*

Address
368 Palmetto Street Apt. 2R
--------------------------------------------
Brooklyn, New York 11237
--------------------------------------------
(718) 216--7861
Telephone                                   --------------------------------------------


TO:   RADIKA RAMPERSAD AKA SHERRY PRICE
      Plaintiff, Pro Se
      243-10 138TH Avenue, Apt. 2R
      Rosedale, New York 11422