ב"ה

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

Case No: 1:22-CV-03131-DG-SJB

SHERRY PRICE,
    *Plaintiff,*

v.

BASDEO RAMPERSAD
368 PALMETTO ST APT 2R
BROOKLYN, NY 11237-5932

RAJDAYE BABWAH,
368 PALMETTO ST APT 2R
BROOKLYN, NY 11237-5932

JANE DOE,

    *Defendants.*
_____/

Received In Pro Se Office
September 7, 2022 at
8:08am via Box.com

### EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER. AND PRELIMINARY INJUNCTION

COMES NOW, Sherry Price, ("the Plaintiff"), and files this, her motion for a Temporary Restraining Order ("TRO") and a Preliminary Injunction ("PI"), pursuant to Fed. R. Civ. P. 65(a) and Fed. R. Civ. P. 65(b). Based on the facts set forth below, the Plaintiff respectfully moves this Court for the entry of an Order to GRANT the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.

1

##   I.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Basdeo Rampersad has three (3) prior criminal convictions for crimes (Violence and Battery with Intent to Cause Serious Bodily Injury) against the Plaintiff. See New York criminal records, CR-018833-18QN (Assault 3-With Intent Cause Physical Injury), (Violent Harassment-2nd: Physical Contact), and Disorderly Conduct.

2. Basdeo Rampersad was previously convicted of Criminal Contempt of Court, See New York Criminal record CR-022337-19QN, and CR-01500-20QN.

3. Basdeo Rampersad is currently the subject of an Order of Protection prohibiting his, or his agents, from any third party contact including but not limited to his Co-Defendants Rajdaye Babwah and Jane Doe, from their presence or entrance to the property and or residence located at 243-10 138th Avenue, Rosedale, New York 11422. See Exhibit "A", Order and Protection; see also Exhibits "B" and "C" photographs of Jane Doe and Vehicle (with license plate visible).

4. Basdeo Rampersad, Rajdaye Babwah, and Jane Doe are currently the subject of a federal investigation by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") for violations of 18 U.S.C. § 371, Conspiracy to Defraud the United States; U.S.C. § 1341, Wire Fraud; 18 U.S.C. §. 1344, Bank Fraud; 18 U.S.C. § 1546, Immigration Fraud; and 18 U.S.C. § 1028A, Aggravated Identity Theft, inter alia, in conjunction to the dispute in this case.

5. On August 28, 2022, the Plaintiff was notified by an informant, that the Defendant was attempting to liquidate his title to the above property and his financial assets, including but not limited to his (401(k), in order to facilitate his FLIGHT TO AVOID PROSECUTION.

## II. DEFENDANT'S INTERVENING ACTIONS PRESAGED THE NEED FOR THE ENTRY OF AN EMERGENCY TRO/PI TO PRESERVE THE STATUS QUO OF THE PREDICATE ACTION

6. On August 23, 2022, the Defendant, through counsel, informed the Plaintiff of a contractor's agreement and presence to perform "routine maintenance". Based on the representations of counsel Robert Frank, Esq.

7. On August 24, 2022, the Plaintiff was awakened by noise coming from the backyard. Upon investigation, there were two workers who had completed removing the rear security fences of the property. When Plaintiff inquired about the removal of the fence, one of the workers informed Mrs. Price she should speak with the Defendant.

8. On August 26, 2022, the Plaintiff arrived at the residence, and the same two (2) workers, without a permit, engaged in the removal and demolition of a structure on the property, and the unauthorized removal and damage to the personal property stored in the structure, of the Plaintiff and Sarah Rampersad, a joint resident of the property. See Exhibits "D" through "F", photographs of the demolition and property damage.

9. The Plaintiff ordered the workers to immediately stop all actions and to present her with their contractor's license, insurance, and the permit from the city for the

3

demolition and damage to the property. The workers refused to provide any identification, licenses, or permits authorizing either their license to perform work, e.g., contractor's license, or a permit from the city authorizing the building or demolition of structures on the property. The workers stated they had been instructed by the Defendant(s), specifically Basdeo Rampersad, to remove the security fences at the rear of the property, to take (for themselves) or to discard any personal property in the structure, and to demolish the structure.

10. At the time Mrs. Price contacted law enforcement and filed a complaint. The Defendant's "workers" fled the scene before law enforcement arrived to conduct further interviews. Law enforcement will be investigating the Defendant and the "workers" for larceny, inter alia, related to this incident.

### III. ARGUMENTS AND CITATIONS OF AUTHORITY

11. The threshold showing for "injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief" See *Bright v. Annucci*, 2022 U.S. LEXIS 6655 (SDNY 2022) (quoting *Winter v. Nat. Res. Def. Counsel, Inc.*, 555 U.S. 7, 22 (2008) (internal quotations omitted).

12. The moving party in this Circuit must carry the burden when "seeking a preliminary injunction [or a temporary restraining order][1] to demonstrate that it will suffer

---

[1] Nothing "[it] is well-established that in this [Second] Circuit the standard for an entry of a temporary restraining order is the same as for a preliminary injunction." Andino v. Fisher, 555 F. Supp. 2d 418, 419 (SDNY 2008).

irreparable harm absent injunctive relief, and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them fair ground for litigation, provided that the balance of the hardship tips decidedly in the favor of the moving party." See *Mullins v. City of New York*, 626 F. 3d 47, 52-53 (2d Cir. 2010); *Lynch v. City of New York*, 589 F. 3d 94, 98 (2d Cir. 209).

13. The matter before this Court is a civil tort (breach of contract, intentional tort, conspiracy to defraud) that was part and means to a criminal scheme (conspiracy) to defraud the United States, supra.

14. Following the Defendants' initial Response [ECF No. 8] to the Complaint [ECF No. 1], they engaged in a series of actions with the intent to cause irreparable harm to (physical, financial, and emotional) to the Plaintiff, and to facilitate their flight from prosecution. Put simply, the Defendants entered into another contract with a third party to (a) resell the disputed property of this case, and (b) liquidate the disputed financial assets of this case, to allow them to flee the Eastern District of New York and the jurisdiction of the United States, with the proceeds of their fraud and breach of contract.

15. Mrs. Price will suffer irreparable harm through the loss of her residence, property, and more than $250,000.00 owed to her by the Defendants under the terms of the contract. Specifically, Basdeo Rampersad is a foreign national, and a citizen of Trinidad and Tobago. Should the Defendants, including Mr. Rampersad, be permitted to liquidate

either or both the disputed property and financial assets and flee the United States, Mrs. Price would be left homeless, defrauded of more than $800,000.00 in total assets, and with NO RECOURSE to recover her home or financial losses that encompass her life's earning.

16. The Plaintiff is entitled to injunctive relief where she is (a) likely to succeed on the merits of her claims based on the preponderance of the evidence, and (b) where, particularly due to the parallel criminal matter, there are sufficiently serious questions going to the merits to make the "fairground" for litigation.

17. The critical point in this matter is that all of the hardships tips in the favor of Mrs. Price, and that absent injunctive relief, she will be irreparably harmed through the loss of her home—to a fugitive from justice – for which there is no financial recovery.

18. The Plaintiff seeks a TRO/PI that is limited to preserving the status quo of the disputed assets until a final judgment is reached in this matter.

19. The requested TRO/PI is necessary due to the Defendants' action, supra, and the likelihood of their attempt to flee the jurisdiction before final judgment in this matter and or their arrest and detention in the criminal matter.

## IV. CONCLUSION

**WHEREFORE,** in view of the foregoing arguments and citations of authority, the Plaintiff respectfully moves this Court for the entry of an Order to GRANT the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. Wherein, the Defendants are enjoined from the sale, transfer, conveyance, hypothecation, mortgage, lien, encumbrance, or any other form or type of liquidation of their interest in the disputed property, residence, or other financial assets of this action, and the Plaintiff shall have full temporary custody and right of occupancy of the disputed property and residence pending final judgment in this matter.

Date September 7, 2022

Respectfully Submitted,

Sherry Price
Digitally signed by Sherry Price
Date: 2022.09.07 08:07:32 -04'00'

/s/ Sherry Price
Plaintiff

ב"ה

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

Case No: 1:22-CV-03131-DG-SJB

_____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all parties notice for service, under the exclusive care and custody of the United States Postal Service via Certified Mail within the State of New York upon:

  Basdeo Rampersad
  Rajdaye Babwah
  Jane Doe
  ℅ Robert G. Frank, Esq.
  98-20 Metropolitan Ave
  Forest Hills
  New York 11375
  robertgfrankesq@gmail.com

Date September 7, 2022

            Respectfully Submitted,

            Sherry Price
            Digitally signed by Sherry Price
            Date: 2022.09.07 08:08:05 -04'00'

            _____

            /s/ Sherry Price
            Plaintiff