RECEIVED IN PRO SE
DEC 2 2022 @ 9:48 AM
VIA BOX.COM

ב"ה

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

Case No. 1:22-CV-03131-DG-SJB

RADIKA RAMPERSAD,
    *Plaintiff,*

v.

BASEO RAMPERSAD, et al.,
    *Defendants.*

_____/

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, COMPENSATORY DAMAGES, AND PUNITIVE DAMAGES

TITLE 18 U.S.C. § 1961 et Seq. – RACKETEERING INFULENCED AND CORRUPT ORGANIZATIONS

TITLE 18 U.S.C. § 371 – CONSPIRACY TO DEFRAUD UNITED STATES

TITLE 18 U.S.C. § 1425 – IMMIGRATION FRAUD*

TITLE 18 U.S.C. § 1956 – MONEY LAUNDERING*

TITLE 18 U.S.C. § 1513 – RETALIATING AGAINST A VICTIM OR AN INFORMANT*

TITLE 18 U.S.C. § 1951 – INTERFERNCE WITH COMMERCE, OR ROBBERY*

TITLE 18 U.S.C. § 1512 – INTIMIDATION OF A VICTIM*

TITLE 18 U.S.C. § 1501 – UNLAWFUL ACQUISITION OF LAND

TITLE 18 U.S.C. § 1344 – BANK FRAUD*

TITLE 18 U.S.C. § 1343 – WIRE FRAUD*

TITLE 18 U.S.C. § 1546 – FRAUD OR MISUSE OF VISA, PERMITS, OR DOCUMENTS*

TITLE 18 U.S.C. § 1101 et seq. – REAL ID ACT OF 2005

1

TITLE 18 U.S.C. § 1426 – REPRODUCTION OR PROCUREMENT OF IMMIGRATION DOCUMENTS*
TITLE 18 U.S.C. § 1028 – IDENTITY THEFT*
TITLE 18 U.S.C. § 1028A – AGGRAVATED IDENTITY THEFT*

## I. JURISDICTION AND VENUE

1. The Plaintiff avers that this Court has original jurisdiction, supplementary jurisdiction, and explicit statutory jurisdiction over this matter as set forth below.

### A. JURISDICTION

2. This Court has original jurisdiction over all cases and controversies under the constitution, statutes, and treaties pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction where elements of the offenses set forth herein, and for certain of which Mrs. Price seeks relief are so intertwined with the offenses over which this Court has original jurisdiction, they may not be severed, pursuant to 28. U.S.C. § 1367(a).

4. This Court has explicit subject matter jurisdiction over this case and controversary pursuant to 18 U.S.C. § 1964(c).

---

\* Statues and offenses marked by an asterisk ("*") are statutory qualifying offenses under Title 18 U.S.C. § 1962.

## B. VENUE

5. The Plaintiff resides in, and a substantial portion of the actions and offenses took place in, the Eastern District of New York ("EDNY"). As such, Mrs. Price avers the proper venue for this case has been set in the EDNY pursuant to 28 U.S.C. § 1391(b).

6. Additionally, where statutory qualifying offenses under 18 U.S.C. § 1962 were committed in the EDNY, venue in the EDNY was properly set pursuant to 18 U.S.C. § 1965.

## II. THE PARTIES

7. Sherry Price is a legal permanent resident of the United States, and a resident of the State of New York. Mrs. Price has resided at 243-10 138th Ave, Apt 2F, Rosedale, New York 14422 from January 2002 through the present.

8. Basdeo Rampersad is a citizen of the Republic of Trinidad and Tobago. Mr. Rampersad being unlawfully present in the United States, (See Exhibit "A") declared under the penalty of perjury to the United States Citizenship and Immigration Service ("USCIS"), that he resided at 368 Palmetto Street, Apt 2R, Brooklyn, New York 11237-5932.

9. Rajdaye Babwah is a naturalized citizen of the United States, and a resident of the State of New York. Ms. Babwah declared under penalty of

perjury to USCIS that she resided with her husband, Basdeo Rampersad, at 368 Palmetto Street, Apt 2R, Brooklyn, New York 11237-5932.

10. Nanda Persaud, the girlfriend of Basdeo Rampersad, is of unknown citizenship and residential status. Defendant Persaud resides at 1061 Furth Rd, Valley Stream, New York 11581.

### III. INTRODUCTION AND BACKGROUND

11. On or about December 2017, Basdeo Rampersad, Rajdaye Babwah, and Nanda Persaud ("the Defendants"), individually and collectively, knowingly, and willfully, engaged in a scheme or artifice, a conspiracy, to defraud the United States[1], the state of New York, the State of Maryland, State Farm Insurance Company, Bank of America, Capital One Bank, TD Bank, Astound Broadband Powered by RCN, Verizon, Lyons Mortgage Services, and the Plaintiff. These acts by the Defendants were in violation of predicate offences under of 18 U.S.C. § 1962.

12. The ultimate goal of the Defendants' conspiracy was to unlawfully obtain United States citizenship for Basdeo Rampersad. In the furtherance of their scheme, the Defendants sought to, and fraudulently obtained immigration documents. The Defendants subsequently used the fraudulently

---

[1] The Defendants provided numerous false statements to multiple federal agencies as part of their scheme or artifice to defraud the United States, including but not limited to USCIS, the Internal Revenue Services ("IRS"), the Department of Homeland Security ("DHS"), and the Social Security Administration ("SSA").

4

obtained immigration documents to unlawfully obtain driver's licenses from the state of New York and Maryland. (See Exhibit "C"). The Defendants' acts were in violation of 18 U.S.C. §§ 371, § 1028, § 1028A, § 1426, and § 1425.

13. The Defendants then used the initial illegally obtained documents, to obtain federally compliant, Real ID of 2005, identification (See Exhibit "C"). Defendant Basdeo Rampersad were in violation of 18 U.S.C. § 1101 et seq., and 18 U.S.C. § 1546.

14. The Defendants' used the fraudulently obtained immigration documents and identification to illegally acquire employment, open bank accounts, register for social security benefits, and fraudulently enter contracts for services, property, and other financial gain.*The Defendants' acts were in violation of 18 U.S.C. §§ 1028-1028A, § 1343, § 1344, §1546, § 1951, § 1956, and 48 U.S.C. § 1501. See Exhibits "D", "E", "F", "G", "H", "I" and "J".

15. When Mrs. Price became aware of the Defendants' unlawful acts, the Defendants engaged in a pattern of harassment that culminated into multiple physical assaults on the Plaintiff. See Exhibit "K" and "L". Defendants Nanda Persaud and Rajdaye Babwah aided and abetted Defendant Rampersad in the commission of these crimes.

16. Defendant Rampersad pleaded guilty to assault with intent to cause physical injury, Second Degree Harassment with physical contact, and Disorderly Conduct. See Exhibit "L". Defendant Rampersad pleaded guilty to Criminal Contempt and Harassment in Second Degree. See Exhibit "M".

17. Defendant Rampersad pleaded guilty *three (3) additionally times* to Criminal Contempt of Court and Disorderly Conduct. See Exhibits "N", "O", and "P".

18. The Defendants' threats, and physical intimidation were intended to coerce Mrs. Price from reporting the Defendants' actions to law enforcement. The Defendants' acts were in violation of 18 U.S.C. § 1512. See also Exhibit "Q".

19. On or about February 2020, the Plaintiff discovered evidence of the federal crimes committed by the Defendants. At that time, despite repeated threats, Mrs. Price contacted Assistant United Sates Attorney ("AUSA") Joseph Saccone. AUSA Saccone notified Homeland Security Investigator Agent Menzini Besian of the information provided by the Plaintiff.

20. On February 11, 2022, Agent Besian together with another agent met with Mrs. Price, interviewed her and took possessions of the evidence of the Defendant's criminal conduct.

21. During the course of the interview, the second agent placed a telephone call wherein he confirmed the true identity associated with the social security number used by the Defendant to procure and reproduce fraudulent immigration documents, Social Security Card, and United States of America Permanent Resident Card. The agents confirmed at that time that the Defendant Basdeo Rampersad, aided and abided by Rajdaye Babwah and Nanda Persaud had violated 18 U.S.C. §§ 1028-1028A, Identity Theft and Aggravated Identity Theft.

22. Acting upon knowledge and belief of all the facts and evidence, combined with statements of federal agents and the U.S. Attorney's Office ("USAO"), Mrs. Price determined she had been a target for fraud and deliberate breach of contract *as part* of the Defendants' scheme or artifice to defraud the United States.

**IV. CAUSE OF ACTION FOR DECLARATORY JUDGEMENT, INJUNCTIVE RELIEF, COMPENSATORY DAMAGES, AND PUNITIVE DAMAGES**

23. The standard for claims for injunctive relief under 18 U.S.C. § 1964(c) were articulated where the district court held, "[o]n its face, RICO [Racketeering Influenced and Corrupt Organizations] *does not require* anything more to make out a civil claim under 18 U.S.C. § 1964, than to make

out a criminal case [under] 18 U.S.C. § 1962." See *Gilbert v. Prudential-Bache Sec. Inc.,* 643 F. Supp. 107, 110 (E.D. Pa 1986)(emphasis added).

24. In this case, the Plaintiff has not only exceeded the threshold showing for a criminal cause under 18 U.S.C. § 1962, but also has provided substantial assistance to the United States in its investigation and prosecution of the Defendants.

25. The Plaintiff re alleges each and every factual allegation and the evidence of the criminal conduct in paragraphs 1-24 of this Complaint and attached hereto.

26. Defendant Basdeo Rampersad, aided and abetted by conspirators Rajdaye Babwah and Nanda Persaud, knowingly and willfully entered into a contractual agreement[2] involving the acquisition property, acquisition of bank loans, and transmission of funds by means of wire. See Exhibit "R". The Defendants did so through the knowing and willful use of fraudulent documentation, and false statements, with the specific intent to defraud Mrs. Price by and through the deliberate breach of the contract agreement *as a part* of their scheme or artifice to defraud the United States.[3]

---

[2] See Exhibit "B"

[3] In addition to the United States and the Plaintiff, Defendants defrauded multiple states, federally regulated public utilities, banks, insurance companies, and other corporations.

27. The Plaintiff respectfully moves this Court for the following equitable relief:

### A. DECLARATORY JUDGMENT

i. That the Defendants knowingly and willfully conspired in a pattern of criminal conduct in violation of 18 U.S.C. § 1962.
ii. That the Defendants knowingly and willfully made materially false statements, representations, and use of fraudulent identity documents to enter into a financial and property contract ("the contract") with the Plaintiff.
iii. That the Defendants knowingly and willfully entered into the contract with the Plaintiff under false pretense, and with the intent to defraud the Plaintiff.
iv. That the Defendants' fraud against the Plaintiff was part of a scheme or artifice to defraud the United States, the State of New York, the State of Maryland, Lyons Mortgage Services, State Farm Insurance Co., Verizon, Jericho Share Healthcare, TD Bank, and Capital One.

### B. INJUNCTIVE RELIEF

i. That the Defendants defrauded the Plaintiff by, and through false statements, misrepresentation and fraudulent documents breached the contract with the Plaintiff. Therein, where the Defendants lack sufficient financial liquidity to fulfill the terms of the contract, the Plaintiff has withdrawn the conditional $200,000.00 in "good faith" equity granted to the Defendant, and exercises the penalty clause(s) of the contract fully.
ii. The Plaintiff seeks immediate transfer ownership in title from the Defendants due to their lack of financial liquidity to pay the Plaintiff (1) $44,000.00 outstanding balance from closing, and (2) the $200,000.00 in equity withdrawn due to breach of contract.

iii. The Plaintiff seeks fifty (50%) percent of the balance of the retirement account [Defendant Basdeo Rampersad] as stipulated in the contract for breach as of the date of the termination of his employment, and to include all unauthorized loans or withdrawals from said account in the furtherance of the conspiracy to commit fraud, estimated at $119,878.94.

### C. COMPENSATORY DAMAGES

i. The total outstanding contract value due to the Plaintiff at the Defendants' breach was $363,878.94. The Plaintiff seeks compensatory damages by transfer of the ownership in title to the property and residence, and $48,376.31 in interest lost due to the Defendants breach of contract.
ii. The Plaintiff seeks $3,720.00 in lost wages and $492.10 interest on such wages lost due to the Defendant's intimidation, coercion, harassment, and physical assault.
iii. The Plaintiff seek $30,000 in damages to physical property and personal property due to the Defendants unlawful destruction of the property, including but not limited to security fencing, out building, and attached apartments.
iv. The Plaintiff seeks recovery of all court fees, and related litigation costs incurred in the bringing of legal action pursuant to the terms of the contract, and 18 U.S.C. § 1964(c).

### D. PUNATIVE DAMAGES

i. The Plaintiff seeks punitive damages in a sum certain of $1,307,576.80, three fold the damages sustained, pursuant to 18 U.S.C. § 1964(c).

**WHEREFORE,** in view of the foregoing arguments and citations of authority, the Plaintiff respectfully moves this Court for the entry of:

i. Declaratory judgment for the Plaintiff;

ii. Injunctive relief in (a) transfer of ownership in title of the property and residence, and (b) payment of a sum certain of $119,878.94;
iii. Compensatory damages of a sum certain of $84,457.09, and fees and costs;
iv. Punitive damages of a sum certain of $1,307,576.80;
v. And any other relief as this Court may find just and proper.

Dated: December 2, 2022.

Respectfully submitted,

Sherry Rampersad
Digitally signed by Sherry Rampersad
Date: 2022.12.02 09:48:23 -05'00'

/s/ Sherry Price

בס"ד

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, furnished to all parties notice for service, under the exclusive care and custody of the United States Postal Service via Certified Mail within the State of New York upon:

    Basdeo Rampersad
    Rajdaye Babwah
    368 Palmetto Street, Apt 2R
    Brooklyn, New York 11237

Executed on December 2, 2022.

By: _Sherry Rampersad_ (Digitally signed by Sherry Rampersad, Date: 2022.12.02 09:48:48 -05'00')
    Sherry Price
    Plaintiff