RECEIVED IN PRO SE
DEC 28, 2022 @ 9:00 PM
VIA BOX.COM

# Exhibit

# A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

**Case No. 1:22-CV-03131-DG-SJB**

SHERRY PRICE,
　　*Plaintiff,*

v.

BASDEO RAMPERSAD, et al.,
　　*Defendants.*
_____/

**AFFIDAVIT OF SHERRY PRICE
IN SUPPORT OF THE SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND
<u>COMPENSATORY DAMAGES, AND PUNITIVE DAMAGES</u>**

I, Sherry Price, hereby attest to the following:

　　1.　　My name is Sherry Price; I am over the age of eighteen (18) and otherwise competent to attest to the facts herein.

　　2.　　All statements here are: (1) based on my personal knowledge; (2) true, accurate and correct; (3) if called upon by this Court, is my sworn testimony.

　　3.　　On December 1, 2022, I had a phone interview with Senior Investigator William Corp from NYS DMV ("New York State Department of Motor Vehicle") Fraud Unit. He informed me of the

newly opened investigation of defendant Rampersad and stated NYS DMV is working in collaboration with MVA ("Motor Vehicle Administration") in Maryland. Mr. Rampersad had provided false information on his application for a New York State application for driver's license.

4.     When asked on the NYS DMV application "Do you have or did you ever have a driver's license that is valid or expired within the past year, issued by another US State…" defendant Rampersad said "no".

5.     On his application, Mr. Rampersad used my address including my apartment number as his mailing address, and the Brooklyn address on file with this Court as his living address on the application dated January 24, 2022, for a New York State driver's license.

6.     Additionally, Mr. Rampersad declined to answer four follow-up questions regarding his valid non-complaint Maryland driver's license.

7.     During my phone interview I informed investigator Corp, after reviewing the application for a NY State driver's license, I

recognized Defendant Rampersad made another false statement on his application.

8. When asked about any medical conditions for which he was being treated preventing him from obtaining a driver's license Mr. Rampersad answered "no".

9. I informed investigator Corp that despite not being treated for any medical conditions, on more than five (5) occasions I witnessed Mr. Rampersad having epileptic seizures. In addition to witnessing Mr. Rampersad's seizures, we had on several occasions discussed in detail the Defendants seizures and his unwillingness to seek medical treatment. Additionally, on numerous occasions, Mr. Rampersad asked if I would be willing to share my daughter's epilepsy medication with him or allow her to request extra medication from her doctor for his personal use.

10. Investigator Corp stated he could not communicate any further information as the investigation was ongoing.

11. On December 7, 2022, I received a phone call from MVA ("Motor Vehicle Administration") Maryland Fraud Unit Investigator John Geisler.

12.     Mr. Geisler informed me the reason for his call, was to inform me he had completed his investigation of case number 2022-2841 of Basdeo Rampersad and had additional questions. Before asking any questions Mr. Geisler stated the following:

    (a)    Confirmed he went to the physical address listed on Mr. Rampersad's driver's license to confirm his residence.

    (b)    He confirmed Mr. Rampersad had *never* lived at 5645 Settler PL, Columbia, MD 21044-2903.

    (c)    Mr. Geisler confirmed that Mr. Rampersad obtain a Real ID on August 10, 2017, which was ultimately downgraded to a non-compliant driver's license on May 21, 2019.

13.     After discovering evidence of the Defendant's crime during his investigation, Mr. Geisler informed me that the agency took the following steps:

    (1) The Maryland driver's license of Mr. Rampersad was immediately revoked.

    (2) Mr. Rampersad's insurance carrier for all vehicles owned in the state of Maryland would be notified of his

revoked driver's license and consequently, his insurance policy will be canceled.

(3)  Mr. Rampersad's vehicle registration for all vehicles in the state of Maryland will be canceled.

14.  Additionally, Mr. Geisler said that all vehicles licensed and registered in the state of Maryland by Mr. Rampersad will be flagged in all fifty (50) states.

15.  Mr. Rampersad will be flagged, should he attempt to apply for a driver's license in any of the fifty (50) states. He would be unable to receive a driver's license until such time he returns to MVA Maryland to resolve the matter of him fraudulently obtaining a driver's license in the state of Maryland.

16.  As part of his inquiry, Mr. Geisler listed three additional names asking if I had personal knowledge of their identities and if they had any relationship to the Defendant and/or owner of the address used on Mr. Rampersad's driver's license. Two of the names were Rajesh Bassant and Catherine Bassant. I informed the investigator Geisler that the Bassant are husband and wife (uncle and aunt), relatives of the homeowner at 5645 Settler Pl, Columbia Maryland 21044-2903, and distant relatives of Defendant Rampersad.

17. When asked if either of the Bassant lived in Maryland, I informed Mr. Geisler from personal knowledge both the Bassant live in the State of New York.

18. Regarding the third name I do not recall, I informed Mr. Geisler I did not have any personal knowledge of the person's identity.

19. Mr. Geisler informed me there was now an active internal investigation into how Mr. Rampersad, an undocumented immigrant, obtained a Real ID and the three other individuals all undocumented, living in the State of New York were able to obtain a Maryland driver's license using the same Maryland address.

20. He stated there is now an active internal investigation aimed at identifying the source by which a Real ID was issued to Defendant Rampersad. Had an employee of MVA been bribed into issuing Defendant Rampersad a Real ID and other undocumented immigrants a driver's license.

21. According to investigator Geisler, he could not divulge any further information nor disclose any subsequent actions following the completion of his internal investigation.

22. In conclusion, Mr. Geisler asked if I had any questions and stated I can contact him in the future should I have any concerns. He thanked me for speaking with him and answering all his questions.

23. I hereby declare, under the penalty of perjury, and pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct.

Date: December 28, 2022.

Respectfully Submitted,

Sherry Price

Digitally signed by
Sherry Price
Date: 2022.12.28
21:00:33 -05'00'

/s/ Sherry Price