UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHERRY ELIYANAH PRICE,

                             Plaintiff,

    -against-                            **REPORT & RECOMMENDATION**
                                            22-cv-03131-DG-SJB

BASDEO RAMPERSAD,
RAJDAYE BABWAH,
NANDA PERSAUD,

                             Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

Plaintiff Sherry Price, proceeding *pro se*, filed the instant action alleging breach of contract, intentional interference with contract, and fraud by Defendants. After her initial Complaint was filed, Price filed two separate motions to amend, which she has styled as Amended Complaints. (*See* Mot. to Amend Compl. dated Nov. 4, 2022 ("Am. Compl."), Dkt. No. 17; Second Mot. to Amend Compl. dated Dec. 2, 2022 ("Second Am. Compl."), Dkt. No. 19). These two new proposed Amended Complaints, in addition to alleging violations of federal criminal statutes, now allege Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. The Amended Complaints no longer contain contract and fraud claims.

As an exercise of its discretion, the Court grants both of Price's motions to amend. However, the Court respectfully recommends that the Second Amended Complaint be dismissed with prejudice as frivolous.[1]

---

[1] Although initially proceeding *in forma pauperis*, Price has paid the filing fee. (Filing Fee dated July 26, 2022, Dkt. No. 7).

PROCEDURAL HISTORY

Price's Complaint, filed on June 1, 2022, alleged a default on promissory notes, breach of contract, and intentional interference with contract by Defendants. (Compl. dated June 1, 2022, Dkt. No. 1 ¶¶ 21–48). Price sought to invoke the Court's jurisdiction by alleging complete diversity of citizenship between the parties and an amount in controversy that exceeded $75,000. (*Id.* ¶ 3). On September 12, 2022, the Court ordered Price to show cause why the Complaint should not be dismissed for lack of subject-matter jurisdiction because it appeared that complete diversity was absent. (Order to Show Cause dated Sept. 12, 2022). The Complaint stated that both Price and Defendant Babwah are citizens of New York. (Compl. ¶¶ 5, 7). And no federal cause of action was asserted in the Complaint. (*See id.*).[2]

On October 15, 2022, Price responded to the order to show cause and acknowledged that "diversity jurisdiction under 28[ ] U.S.C. § 1333(a)(1) is not appropriate." (Resp. to Order to Show Cause dated Oct. 15, 2022, Dkt. No. 15 ¶ 1). She indicated an intention to file an Amended Complaint. (*Id.* ¶ 2). In the resulting Amended Complaints, Price invokes the Court's federal question jurisdiction by asserting that the Court "has explicit subject matter jurisdiction over this case and controversary [sic] pursuant to 18 U.S.C. § 1964(c)." (Am. Compl. ¶ 4; Second Am. Comp. ¶ 4). The Second Amended Complaint alleges civil claims under RICO and lists fourteen other statutes, almost all criminal, that Defendants allegedly violated. (Second Am. Compl. at 1–2).

---

[2] The Court, therefore, gave notice to the *pro se* plaintiff that it was contemplating dismissal. *See Moroshkin v. Dietsche*, No. 22-CV-487, 2022 WL 16570779, at *1–*2 (2d Cir. Nov. 1, 2022).

Because leave to amend should be given freely, the motions to amend are granted and the Second Amended Complaint is hereby the operative complaint. *See* Fed. R. Civ. P. 15(a)(2); *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) ("This is a 'liberal' and 'permissive' standard, and the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" (alteration in original) (quoting *Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015))). In broad strokes, the Second Amended Complaint alleges that the Defendants engaged in a conspiracy and scheme to defraud the U.S. Government, the States of Maryland and New York, insurance companies, banks, internet and telecommunications companies, and Price herself. (Second Am. Compl. ¶ 11). The goal of the conspiracy was to unlawfully obtain U.S. citizenship for Defendant Rampersad, and Defendants carried out the conspiracy by obtaining fraudulent immigration documents, driver's licenses, fake bank accounts, social security benefits, and a bevy of fraudulent services, property, and contracts. (*Id.* ¶¶ 12–14). Price alleges that when she became aware of the conspiracy and fraud she was physically assaulted, and the other Defendants assisted Rampersad in carrying out those assaults. (*Id.* ¶ 15).

The Second Amended Complaint now includes a name and address for the Defendant originally identified as "Jane Doe." (*Id.* ¶ 10). Other than the replacement of "Jane Doe" with "Nanda Persaud" in several paragraphs, the Second Amended Complaint is identical to the First Amended Complaint. The Second Amended Complaint attaches 86 pages of exhibits in support of these allegations.

DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held 'to less stringent standards than formal pleadings drafted by lawyers.'" *White v. Abney*, No. 17-CV-4286, 2019 WL 1298452, at *2 (E.D.N.Y. Mar. 21, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, "[w]hen a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim." *Malachi v. Postgraduate Ctr. for Mental Health*, No. 10-CV-3527, 2013 WL 782614, at *1 (E.D.N.Y. Mar. 1, 2013).

"Even when a plaintiff has paid the Court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous[.]" *Sharp v. 74 Eldert Funding Inc.*, No. 16-CV-02491, 2016 WL 3877869, at *3 (E.D.N.Y. July 12, 2016) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000)); *see Leskinen v. Halsey*, 571 F. App'x 36, 39 (2d Cir. 2014) (affirming dismissal of RICO claim, and doing so, *sua sponte*, on merits). "An action 'is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.'" *Ali v. Wuchte*, No. 22-CV-1532, 2022 WL 3708844, at *2 (E.D.N.Y. Aug. 25, 2022) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.

1998)).  "Courts within the Second Circuit have not hesitated to dismiss *sua sponte* claims brought by fee-paying *pro se* plaintiffs when it is clear such claims 'presen[t] no arguably meritorious issue for [the courts'] consideration.'"  *Raghavendra v. Fenn*, No. 16-CV-4118, 2019 WL 4963257, at *3 (E.D.N.Y. Oct. 7, 2019) (alterations in original) (quoting *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995)).

RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of section 1962."  18 U.S.C. § 1964(c).  "To state a claim under RICO's civil provision, 18 U.S.C. § 1962(c), a plaintiff must allege (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains [an] interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce.  Section 1961(1), in turn, identifies predicate 'acts' that can form a pattern of racketeering activity, which include mail fraud, wire fraud, and extortion[.]"  *Liang v. Home Reno Concepts, LLC*, 803 F. App'x 444, 447 (2d Cir. 2020) (first alteration in original) (internal citations and quotations omitted).  For acts to form a "pattern" of racketeering activity, there must be at least two acts, and they must be related and "amount to, or pose a threat of, continuing criminal activity."  *Schlaifer Nance & Co. v. Est. of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997) (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).

And a RICO enterprise is "'a group of persons associated together for a common purpose of engaging in a course of conduct,' the existence of which is proven 'by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.'"  *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 173 (2d Cir. 2004) (quoting *United States v. Turkette*,

452 U.S. 576, 583 (1981)). "The alleged enterprise through which a pattern of racketeering activity is conducted must be distinct from those persons or entities who stand accused of conducting that racketeering activity." *Allstate Ins. Co. v. Yehudian*, No. 14-CV-4826, 2018 WL 1767873, at *8 (E.D.N.Y. Feb. 15, 2018) (quotations and alteration omitted) (collecting cases), *report and recommendation adopted*, 2018 WL 1686106, at *2 (Mar. 31, 2018). This distinction requirement is met by demonstrating that a "formal legal distinction" exists between the individual defendants and the RICO enterprise. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 165 (2001).

The Second Amended Complaint fails to allege any predicate racketeering activity, a pattern of such activity, or the existence of a distinct RICO enterprise. As to the first, all Price provides is the entirely conclusory allegation that Defendants engaged in "predicate offences under of [sic] 18 U.S.C. § 1962." (Second Am. Compl. ¶ 11). Although she cites to a number of criminal statutes, *e.g.*, 18 U.S.C. §§ 1343, 1344, 1425, which—if properly supported with facts—could potentially amount to racketeering activity under RICO, there are no such facts pled in the Second Amended Complaint. And without any single predicate offense, there necessarily cannot be a pattern of racketeering activity.[3] Quite separate and apart, the Second Amended Complaint "fails

---

[3] But it cannot be just any allegation that a defendant engaged in, for example, mail or wire fraud; rather, the predicate activity must have victimized or affected the plaintiff. *Com. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 380 (2d Cir. 2001) ("In order to bring suit under § 1964(c), a plaintiff must plead (1) the defendant's violation of § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation."). And, as such, assuming that Defendants engaged in the fraud alleged, Price would still have to allege she was injured by that fraud. While her assault allegations clearly state a personal injury to her, the victims of the supposed RICO fraud and criminal violations appear to be non-parties, including the Government and private corporations. To the extent that Price lacks standing for any of her claims, the Court may assume hypothetical jurisdiction to

6

to allege any RICO enterprise." *Campos v. Lavinsky*, No. 22-CV-1278, 2022 WL 16950054, at *3 (E.D.N.Y. Nov. 14, 2022). There is no mention of any enterprise, let alone any information regarding "any hierarchy, organization, and activities of the alleged enterprise from which the Court could conclude that its members functioned as a unit." *Sharp*, 2016 WL 3877869, at *5 (internal quotations omitted) (dismissing *pro se* complaint as frivolous).

The complete absence of factual allegations for multiple elements—along with any plausible contention about how Defendants' alleged immigration fraud amounts to a RICO violation—makes this claim frivolous and worthy of *sua sponte* dismissal. *E.g.*, *id.*; *Leskinen*, 571 F. App'x at 39 ("[B]ecause we cannot identify an arguable basis in law or fact for Leskinen's allegations of a criminal enterprise, we dismiss her RICO claims."); *Thomas v. Carter*, No. 21-CV-8682, 2021 WL 5235045, at*2 (S.D.N.Y. Nov. 9, 2021) ("Plaintiff fails to provide any facts that would support any claim under civil RICO – either a claim of civil enforcement or one of conspiracy. . . . The Court therefore dismisses Plaintiff's claims under the civil RICO statute as frivolous."); *Jones v. Dr's Marine Neystat*, No. 05-CV-686, 2005 WL 1262104, at *2 (E.D.N.Y. May 26, 2005) (dismissing *sua sponte* fee-paid Plaintiff's complaint as frivolous due to the failure to allege a "pattern of racketeering activity" or a criminal enterprise).

As to her claims based on violation of federal criminal statutes, those too are facially meritless since none of these laws contain a private right of action. "The Supreme Court historically has been unreceptive to inferring a private right of action from a 'bare criminal statute[.]'" *Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021)

---

dismiss plainly meritless statutory claims. *See Butcher v. Wendt*, 975 F.3d 236, 244 & n.5 (2d Cir. 2020).

(quoting *Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir. 2000)). None of the criminal statutes listed by Price in the Second Amended Complaint—except for RICO—provide for a private right of action.[4] And, as noted, the RICO claim is meritless. Thus, Price's attempt to somehow bring federal criminal charges against Defendants or invoke the criminal statutes to state a civil claim is "based on an indisputably meritless legal theory," *Livingston*, 141 F.3d at 437, and the claim must be dismissed as frivolous. *See, e.g.*, *Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (affirming district court's *sua sponte* dismissal of *pro se* plaintiff's complaint as frivolous because claims invoking criminal statutes lacked even an arguable legal basis); *Walker v. Wuchte*, No. 22-CV-1532, 2022 WL 2161180, at *2 (E.D.N.Y. June 15, 2022) (dismissing as frivolous *pro se* Plaintiff's attempt to sue Defendants for violations of criminal statutes); *Walker v. Pastoressa*, No. 22-CV-997, 2022 WL 3716742, at *3 (E.D.N.Y. Aug. 29, 2022) (same); *Morgan v. Hartman*, No. 22-CV-3367, 2022 WL 1571147, at *2 (S.D.N.Y. May 16, 2022) (finding *pro se* Plaintiff had "no cognizable claim arising under federal criminal law").

Because Price has already amended her complaint twice, the dismissal of her complaint should be with prejudice, and further leave should be denied. *Burrowes v.*

---

[4] Price cites to thirteen criminal statutes besides RICO: 18 U.S.C. § 371 (Conspiracy to defraud the United States); § 1028 (False identification); § 1028(A) (Aggravated identity theft); § 1343 (Wire fraud); § 1344 (Bank fraud); § 1425 (Unlawful procurement of citizenship); § 1426 (Falsification of naturalization papers); § 1501 (Assault on a process server (Price identifies this statute as "unlawful acquisition of land")); § 1512 (Tampering with a victim, witness, or informant); § 1513 (Retaliating against a victim, witness, or informant); § 1546 (Fraud or misuse of visa, permits, and related documents, and false personation); § 1951 (Interference with commerce by robbery ("The Hobbs Act")); § 1956 (Money laundering). (Second Am. Compl. at 1–2). In addition, Price also cites to "18 U.S.C. § 1101 et seq. – Real ID Act of 2005." (*Id.* at 1). The Real ID Act is not part of the Criminal Code and contains no private right of action.

*Combs*, 124 F. App'x 70, 71 (2d Cir. 2005) (affirming district court's with prejudice denial of pro se RICO complaint, without leave to amend, as appropriate "particularly in light of the previous unsuccessful amendment"); *see also Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment would be futile." (internal quotations omitted)); *MacKinnon v. City of New York/Hum. Res. Admin.*, 580 F. App'x 44, 45–46 (2d Cir. 2014) ("The district court properly dismissed MacKinnon's complaint.  Although it did not grant him leave to amend, it is clear that any attempt to re-plead would have been futile.  The problem with his complaint is substantive; better pleading will not cure it." (internal quotations omitted)).

## CONCLUSION

For the reasons stated above, the Court grants the motions to amend and to file the Amended Complaint, (Dkt. No. 17), and the Second Amended Complaint.  (Dkt. No. 19).  However, it respectfully recommends that the Second Amended Complaint be dismissed with prejudice and leave to amend be denied.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision." (quotations omitted)).

SO ORDERED.

<u>/s/ *Sanket J. Bulsara*  January 3, 2023</u>
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York